UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDDIE L. HATCH, JR. and MICHELLE DAVIS-HATCH,<br><br>                      Plaintiffs,<br><br>v.<br><br>CITY OF MILWAUKEE, TOM BARRETT, JEFF HANEWALL, ANGELIQUE L. SHARPE, STEPHANIE HARLING, ASHANTI HAMILTON, JAMES STARKS, SAKURI FEARS, ANDREA PRATT, CINNAIRE SOLUTIONS, CHRISTOPHER LAURENT, JAMES DOW, WILLIE SMITH, HOWARD SNYDER, DEPARTMENT OF CITY DEVELOPMENT, DWAYNE K. EDWARDS, MATT HAESSLY, AMY E. TURIM, KEN LITTLE, MARTHA BROWN, VANESSA KOSTER, NWSCDC, *also known as* NORTH WEST SIDE COMMUNITY DEVELOPMENT CORPORATION, and HAVENWOODS HEDC/BID #31,<br><br>                      Defendants. | Case No. 20-CV-1791-JPS<br><br><br>**ORDER** |

On December 4, 2020, Plaintiffs filed a pro se complaint alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by Defendants. (Docket #1). The following Defendants have submitted motions to dismiss or for judgment on the pleadings: (1) NWSCDC, Willie Smith ("Smith"), and Howard Snyder ("Snyder"), (Docket #5); (2) Jeff Hanewall ("Hanewall"), (Docket #30); (3) Stephanie Harling ("Harling"),

Havenwoods HEDC/BID #31 ("Havenwoods"), and Angelique L. Sharpe ("Sharpe"), (Docket #37), and (4) Cinnaire Solutions ("Cinnaire"), James Dow ("Dow"), and Christopher Laurent ("Laurent"), (Docket #44) (collectively, "Moving Defendants"). These motions are fully briefed, and, for the reasons explained below, the Court will grant them.

1.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties.

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

Because Plaintiffs are proceeding pro se, their filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even pro se litigants must comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Court is not "charged with seeking out legal issues lurking within the confines of the *pro se* litigant's pleadings," nor is it required to "decide the *unraised* issues." *Kiebala v. Boris*, 928 F.3d 680, 685 (7th Cir. 2019) (internal quotations and citations omitted).

## 2. RELEVANT ALLEGATIONS

Plaintiffs allege that they spent over two years working with the Milwaukee Department of City Development (the "DCD") to purchase a "City owned commercial building" in Milwaukee, Wisconsin (the "Property"). (Docket #1 at 5). Plaintiffs desired the Property for their business for the purpose of "creating a training facility . . . for entrepreneurs in the food service industry." (*Id.*) In October of 2018, Plaintiffs spoke with a representative from the DCD, Dwayne K. Edwards ("Edwards"), during an inspection of the Property. (*Id.*) At this meeting, Plaintiffs came to believe that the DCD and the City of Milwaukee would sell them the Property. (*Id.*) This sale, however, never occurred. (*Id.*)

Plaintiffs allege that the DCD "entertained offers from several black entrepreneurs," but that it gave "unfair support and privilege" to a "white,

unfunded developer." (*Id.*) Plaintiffs list the following Defendants as being involved in these unfair practices: NWSCDC (a 501(c)(3) organization), Havenwoods, Cinnaire, and Laurent (associated with Cinnaire). (*Id.*) Plaintiffs contend these actions violated the Fair Housing Act. (*Id.*) Specifically, Plaintiffs write that "[t]here was a concerted effort by all to deny us the enjoyment and right to purchase [the Property]." (*Id.*)

Plaintiffs ask this Court to award them, among other things, acquisition of the Property for $1.00, "[w]orking capital to hire and train staff comparable to our competitors," "the support of all current and future city agencies and associates in the support of local entrepreneurs," "a public acknowledgment of the harm done with apology from [the City of Milwaukee] Common Council," a preliminary injunction on the sale of the Property, and punitive damages. (*Id.* at 4).

**3. ANALYSIS**

**3.1 Stating a Claim Under the Fair Housing Act**

Plaintiffs bring their case pursuant to the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601, *et seq.* Moving Defendants ask that this action be dismissed against them for failure to state a cognizable claim under the FHA. Specifically, Moving Defendants argue that, because the Property does not constitute a "dwelling," it is not covered by the FHA.

The FHA makes it unlawful "[t]o refuse to sell . . . or otherwise make unavailable or deny, a *dwelling* to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a) (emphasis added). It defines a "dwelling" as:

> any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for

> sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

*Id.* at § 3602(b).

In their complaint, Plaintiffs describe the Property as a "commercial building." (Docket #1 at 5). They continually assert that they intend to use the Property for commercial purposes (e.g., a training facility for the food-service industry).[1] (*Id.*) Plaintiffs make no allegation that the Property is in any way designed or intended for occupancy as a residence by one or more families, as is required to receive the protections of the FHA.[2] 42 U.S.C. § 3602(b). Merely because Plaintiffs call the Property a "dwelling" does not make it so. And, confusingly, in one of their response briefs, Plaintiffs adamantly assert that they "never assert residential real estate in [their] complaint." (Docket #48 at 1) (emphasis removed).

In addition, the FHA covers the actions of sellers in a real-estate transaction. 42 U.S.C. § 3604(a). None of the Moving Defendants were in the process of selling the Property. In fact, Plaintiffs allege that the City of Milwaukee would have been the seller in this transaction. Accordingly, the protections of the FHA cover neither the Property nor the Moving Defendants' alleged roles in the transaction.

Plaintiffs' responses to the present motions offer nothing to change the Court's analysis. Plaintiffs do not cite any cases extending the reach of

---

[1] Plaintiffs also explain that the Property could be used as a COVID-19 "vaccine location." (Docket #48 at 1).

[2] Plaintiffs write that "[t]his property is defined as 'a building' The 'Hatch Family', is one family. The Property was offered 'for sale'." (Docket #54 at 3). But, while Plaintiffs recognize that the FHA requires that a property be "designed or intended for occupancy as, a residence," Plaintiffs fail to allege that the Property meets this requirement. (*Id.*)

the FHA to non-dwelling properties. (*See* Docket #14 at 3) (Plaintiffs citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) (concerning a suit against the owner of an apartment complex); *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 208 (1972) (concerning a suit brought by two tenants of an apartment complex); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000) (concerning a suit brought under the Age Discrimination in Employment Act); *Phillips v. Hunter Trails Cmty. Ass'n*, 685 F.2d 184 (7th Cir. 1982) (concerning a suit about a subdivision association's sale of its right of first refusal on a homeowner's proposed sale of his home)).

With little explanation, Plaintiffs point the Court to Federal Rule of Evidence 201(b) ("Judicial Notice of Adjudicative Facts"). (*Id.* at 3); (Docket #48 at 2). Plaintiffs appear to argue that their claims against Moving Defendants should not be dismissed at this stage because discovery will reveal Moving Defendants' culpability. But Plaintiffs still need to plead a case in accordance with the FHA, and they have not provided the Court with any legal authority that the Fair *Housing* Act applies to anything but *housing*.

### 3.2  Plaintiffs' Motion to Default Harling, Havenwoods, and Sharpe

Harling, Havenwoods, and Sharpe, through their attorney, filed an answer on February 5, 2021, (Docket #10), and a motion for judgment on the pleadings on March 17, 2021, (Docket #37), on CM/ECF. On May 21, 2021, Counsel for these Defendants filed a letter in which he admits that he had failed to properly effectuate service on pro se Plaintiffs at the time of filing such documents. (Docket #51). Thus, it was not until May 21, 2021, that service was made by U.S. Mail on Plaintiffs as to Harling, Havenwoods,

and Sharpe's answer and motion. *See* Fed. R. Civ. P. 5(b)(2). That same day, Plaintiffs moved to default these Defendants. (Docket #52).

Counsel states that such failure to serve "was the result of inadvertence and an honest belief that [P]laintiffs had received electronic service of their Answer and Affirmative Defense." (Docket #53 at 5). Specifically, Counsel believed that, "based on the email communication listed for [P]laintiffs in the Complaint, [P]laintiffs received service of defendants' [documents] electronically via the CM/ECF filing system." (*Id.*)

Despite Counsel's oversight, the Court will grant Harling, Havenwoods, and Sharpe's motion for judgment on the pleadings. These Defendants move for the dismissal of the claims against them for the exact same reason as the other Moving Defendants: that the FHA does not cover non-dwellings like the Property. (Docket #38). Plaintiffs received the other Moving Defendants' motions and filed their (unconvincing) responses to them. Plaintiffs were on notice of the legal deficiencies of their complaint and were given opportunity to address them. It is highly unlikely that Plaintiffs' response to Harling, Havenwoods, and Sharpe's motion would have been any different or more compelling than their other three responses. Thus, the Court will deny Plaintiffs' motion for leave to file default, (Docket #52), as moot and inappropriate under the circumstances, and will grant Harling, Havenwoods, and Sharpe's motion for judgment on the pleadings, (Docket #37).

4.   **CONCLUSION**

For the reasons outlined above, the Court will grant Moving Defendants' motions, (Docket #5, #30, #37 and #44), and dismiss the claims against them without leave to amend. Plaintiffs themselves have admitted that the Property is a commercial, non-dwelling property; there is no

amendment that Plaintiffs could make that would state a claim under the FHA. *See Brown v. Scott*, No. 19-CV-1762-BHL, 2021 WL 857303, at *2 (E.D. Wis. Mar. 8, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("the Supreme Court has explained that leave to amend need not be given when a plaintiff repeatedly fails to cure deficiencies or when allowing an amendment would unduly delay resolution of the case."). Thus, Moving Defendants will be dismissed with prejudice from this action. The Court will also grant Hanewall's motion for an extension of time in which to file a responsive pleading, (Docket #13), as Plaintiffs did not object to it. Finally, the Court will deny as moot Plaintiffs' motion for leave to file default, (Docket #52).

Accordingly,

**IT IS ORDERED** that Defendants NWSCDC, Willie Smith, and Howard Snyder's motion to dismiss (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Jeff Hanewall's motion for judgment on the pleadings (Docket #30) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Stephanie Harling, Havenwoods HEDC/BID #31, and Angelique L. Sharpe's motion for judgment on the pleadings (Docket #37) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Cinnaire Solutions, James Dow, and Christopher Laurent's motion to dismiss (Docket #44) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants NWSCDC, Willie Smith, Howard Snyder, Jeff Hanewall,

Stephanie Harling, Havenwoods HEDC/BID #31, Angelique L. Sharpe, Cinnaire Solutions, James Dow, and Christopher Laurent be and the same are hereby **DISMISSED without leave to amend**;

**IT IS FURTHER ORDERED** that Defendants NWSCDC, Willie Smith, Howard Snyder, Jeff Hanewall, Stephanie Harling, Havenwoods HEDC/BID #31, Angelique L. Sharpe, Cinnaire Solutions, James Dow, and Christopher Laurent be and the same are hereby **DISMISSED with prejudice** from this action;

**IT IS FURTHER ORDERED** that Defendant Jeff Hanewall's motion for an extension of time to file a responsive pleading (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file default (Docket #52) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge