UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDDIE L HATCH JR. and MICHELLE DAVIS-HATCH,<br><br>       Plaintiffs,<br><br>v.<br><br>TOM BARRETT, JEFF HANEWALL, ANGELIQUE L. SHARPE, STEPHANIE HARLING, ASHANTI HAMILTON, JAMES STARKS, SAKURI FEARS, ANDREA PRATT, CINNAIRE SOLUTIONS, CHRISTOPHER LAURENT, JAMES DOW, WILLIE SMITH, HOWARD SNYDER, DWAYNE K. EDWARDS, MATT HAESSLY, AMY E. TURIM, KEN LITTLE, MARTHA BROWN, VANESSA KOSTER, NWSCDC, and HAVENWOODS HEDC/BID #31,<br><br>       Defendants. | Case No. 20-CV-1791-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

On January 4, 2023, Plaintiffs Eddie L. Hatch, Jr. and Michelle Davis-Hatch ("Plaintiffs") filed a notice of appeal of this Court's January 3, 2023 order denying Plaintiffs' purported motion to amend. ECF No. 116. On January 20, 2023, whilst that appeal remained pending, Plaintiffs filed a motion to change venue. ECF No. 120. Four days later, on January 24, 2023, Plaintiffs voluntarily dismissed their appeal. ECF No. 121. On February 9, 2023, Defendant filed a joint response to the motion. ECF No. 130.

In their motion to change venue, Plaintiffs concede that "[v]enue is proper under 28 U.S.C. § 1391(b) because the . . . allegations occurred in the Eastern District of Wisconsin and the subject property is located in the Eastern District of Wisconsin." ECF No. 120 at 1. Nevertheless, Plaintiffs seek to change venue in order to have their case before a "different judge with an 'understanding eye.'" *Id*. at 2. They assert that venue in the Western District of Wisconsin will remain convenient for the parties because "principal Defendant, Christopher Laurent," is from Madison, Wisconsin and operates Cinnaire Solutions therefrom. *Id*.[1]

Plaintiffs also assert that the interest of justice supports a change in venue, pointing to their previous and repeated assertions of "bias and prejudice." *Id*. at 3, 4. They write that "at this time, in this matter, an unbiased District Court would be best for all parties involved in the pursuit of justice." *Id*. at 4.

## 2. LAW & ANALYSIS

District courts may transfer venue under 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses, in the interest of justice." In a motion to transfer venue, "[t]he movant must establish that the proposed transferee forum is clearly more appropriate than the original." *J3 Eng'g Grp., LLC v. Mack Indus. of Kalamazoo, LLC*, 390 F. Supp. 3d 946, 955 (E.D. Wis. 2019). "[E]vidence of forum-shopping" may counsel against a transfer of venue. *Id.* at 952.

Plaintiffs have not convinced the Court that the proposed transferee forum is "clearly more appropriate than the original." *Id*. at 955. They insist

---

[1] But Christopher Laurent and Cinnaire Solutions are only two of over a dozen named Defendants.

that they are not forum shopping because they are merely seeking a different judge who will view things differently. ECF No. 120 at 2. That is the definition of forum shopping. They assert that the interest of justice supports a change of venue here, but the interest of justice in reality concerns factors such as "trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (internal citation omitted). It does not, importantly, concern the desire to put one's case before a different judge in hopes that that judge will view the case more favorably. And as Plaintiffs themselves concede, the allegations at issue occurred in this District and the subject property is located in this district. ECF No. 120 at 1.

### 3. CONCLUSION

Because Plaintiffs have not carried their burden of establishing that a transferee forum would be more convenient, the Court will deny their motion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to change venue, ECF No. 120, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge