# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDDIE L. HATCH, JR. and MICHELLE DAVIS-HATCH,<br><br>    Plaintiffs,<br><br>v.<br><br>TOM BARRETT, JEFF HANEWALL, ANGELIQUE L. SHARPE, STEPHANIE HARLING, ASHANTI HAMILTON, JAMES STARKS, SAKURI FEARS, ANDREA PRATT, CINNAIRE SOLUTIONS, CHRISTOPHER LAURENT, JAMES DOW, WILLIE SMITH, HOWARD SNYDER, DWAYNE K. EDWARDS, MATT HAESSLY, AMY E. TURIM, KEN LITTLE, MARTHA BROWN, VANESSA KOSTER, NWSCDC, and HAVENWOODS HEDC/BID #31,<br><br>    Defendants. | Case No. 20-CV-1791-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

On March 20, 2023, Plaintiffs Eddie L. Hatch, Jr. and Michelle Davis-Hatch ("Plaintiffs") moved for appointment of counsel and a stay of proceedings. ECF No. 133. Defendants did not respond to the motion. The Court will deny Plaintiffs' motion. *See* Civ. L.R. 7(b).

2. **LAW AND ANALYSIS**

   2.1  **Appointment of Counsel**

Civil litigants such as Plaintiffs have neither "a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326

(7th Cir. 2018). However, 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel." The decision whether to grant a request for counsel is a discretionary one. *James*, 889 F.3d at 326.

In evaluating such a request, district courts are required to consider "*both* the difficulty of the case *and* the pro se plaintiff's competence to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Ultimately, the question is whether "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. A pro se plaintiff must not only provide the Court an explanation on these points but must also offer reasons why counsel should be appointed that are not common to many other *pro se* litigants. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d at 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014) (same). The district court is also to inquire as to whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so[.]" *Pruitt*, 503 F.3d at 654 (citation and internal quotation marks omitted). Normally, a court would further consider "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as any information bearing on "the plaintiff's intellectual capacity and psychological history." *Id.* at 655.

In support of their motion for appointment of counsel, Plaintiffs write that they have insufficient time and money due to the loss of their business to acquire an attorney and that the efforts they have made thus far to obtain counsel have been unsuccessful. ECF No. 133 at 2–3. Plaintiffs

provide screenshots of communications they have made seeking representation from firms. *Id.* at 4. They also argue in support of their motion that theirs is a "rare and unique matter" and that they fall "deeper into poverty" every day as a result of Defendants' alleged actions. *Id.* at 7.

Certainly, poverty—if bona fide—cuts in favor of an appointment of counsel. *See Marshall v. Univ. of Chic. Hosp.*, No. 90-C-2986, 1990 U.S. Dist. LEXIS 6390, at *2–3 (N.D. Ill. May 29, 1990) ("Although [Plaintiff's] financial situation . . . cuts in favor of appointing counsel in this case, the record with respect to the [other] factors is insufficiently developed to warrant appointment of counsel at this time.").[1] Plaintiffs have also demonstrated that they have made good faith, reasonable efforts at acquiring counsel. But while that showing is necessary, it is not always sufficient.

Plaintiffs have not proffered any justification for appointment of counsel that is not similarly held by most pro se litigants. That they have insufficient time and money to litigate their case is not uncommon. Plaintiffs have not demonstrated why they are unable, compared to any other non-lawyer plaintiff, to litigate their case themselves. Their motion is devoid of facts or argument as to their own ability, or lack thereof, to adequately present their case. They provide no information regarding their education levels, their litigation experience, or any other relevant factor. That an attorney would better present Plaintiffs' claims cannot be the test, for then nearly all pro se litigants would be entitled to pro bono counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Also highly relevant is the fact that Plaintiffs have thus far been able to prosecute their

---

[1] Plaintiffs do not, however, proceed in forma pauperis, which may cut against their claim of poverty. There is nothing in the record apart from Plaintiffs' unsupported, bare-bones assertions to support a claim of poverty.

case on their own—including bringing a successful appeal to the Seventh Circuit.

The Court is also entitled to consider the potential merits of the underlying action in determining whether appointment of counsel is justified. *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("[T]he reasonable course of action is for district courts to engage in 'closer scrutiny . . . of the merits and what is at stake in a case before a judge uses his office to recruit a 'volunteer' attorney to represent the plaintiff.'") (internal citation omitted). At this stage and on the present record, the Court cannot say that Plaintiffs' case presents such obvious merit that counsel should be appointed.

Additionally, it must be remembered that, when a court determines that counsel recruitment is appropriate, it can take months to locate a willing lawyer. This delay works to the detriment of all parties and contravenes Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Thus, looming large over each request for counsel are a court's ever-more-limited time and resources. This consideration is particularly relevant in a case such as this—one that has been ongoing for roughly two and a half years.

For these reasons, the Court will deny without prejudice Plaintiffs' motion for appointment of counsel.

### 2.2 Stay of Proceedings

Plaintiffs additionally seek a stay of the proceedings, ostensibly to allow for appointment of counsel and for "counsel to be fully briefed on this matter." ECF No. 133 at 1.

Plaintiffs have not demonstrated that a stay is appropriate. The granting of a stay "is the exception, not the rule." *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2014 U.S. Dist. LEXIS 116095, at *5 (C.D. Ill. Aug. 20, 2014) (quoting *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2005 U.S. Dist. LEXIS 14437, at *8 (N.D. Ill. July 15, 2005)). "A stay is an intrusion into the ordinary processes of administration and judicial review . . . ." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citation and quotation marks omitted). Therefore, "the party seeking the stay has the burden of demonstrating it is necessary." *CMB Exp., LLC*, 2014 U.S. Dist. LEXIS 116095, at *5 (quoting *Hollinger Int'l, Inc.*, 2005 U.S. Dist. LEXIS 14437, at *8).

A relevant factor to consider in evaluating whether a stay is appropriate is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *EEOC v. Rogers Behavioral Health*, No. 19-cv-935-pp, 2022 U.S. Dist. LEXIS 181279, at *2 (E.D. Wis. Oct. 4, 2022) (citation omitted). Plaintiffs have not made such a showing.

This case has been pending since December of 2020, and it has only just reached the summary judgment stage. There is no indication that a stay is necessary. Perhaps a stay would be convenient for Plaintiffs, but that is not the standard. Accordingly, the Court will deny the motion.

3. **CONCLUSION**

Plaintiffs have not demonstrated that either appointment of counsel or a stay of proceedings is appropriate here.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for appointment of counsel and to stay proceedings, ECF No. 133, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge